PONDER, Justice
(dissenting).
It appears that the majority opinion is predicated on a statement made in the case of State v. Robinson, 215 La. 974, 41 So.2d 848, 854, to this effect: “We think that after the accused testified in detail about the mistreatment he received and the inducements offered him at the time he confessed, the jailer should have been recalled and re-examined with respect to the particulars testified to by the accused in order that the trial judge might have been afforded a better opportunity to weigh and decide this very important issue.” The majority opinion overlooks the law laid down in that case and relies on a statement made relative to the testimony of an accused which had not been contradicted. The factual situation in this case is entirely different. The law laid down in the Robinson case is to this effect:
“It therefore follows that the admissibility of a confession in evidence is predicated *619 upon the state’s establishing its free and voluntary character by proof that is direct and positive, and, under our jurisprudence, this fact must not only be established to the satisfaction of the trial judge out of the hearing of the jury but his ruling with respect thereto will not be disturbed on appeal unless clearly not supported by the evidence. Once in evidence, of course, it is for the jury to say what weight shall be accorded a confession.”
There were two confessions introduced which were proved to have been freely and voluntarily made. The defense does not contend that there was any thing irregular at the time the confessions were made, but contends that the accused was whipped the night before the first confession was made and that the accused was laboring under fear at the time he made the confessions. The contention is based solely upon the testimony of the accused. His testimony is very contradictory and unsatisfactory. He stated in one instance that he did not know who whipped him and in another instance that Deputy Sheriff Richards whipped him. He testified that there were other persons present but did not identify 'them. When asked who the parties were he stated that he did not remember.
It is stated in the majority opinion to the effect that the five officers present at the time the accused was placed in jail or any of them available should have been called and examined with respect to the particulars to which the accused had testified. These five witnesses testified on the merits of the case and were available to the accused. Deputy Sheriff Richards and Trooper Lafleur testified that the first confession was freely and voluntarily made when the admissibility of the confession was inquired into. While Richards was on the stand he was asked under cross examination, after placing him on his guard, if he had whipped the accused or told him that if he did not confess that he would turn him over to the people of Eunice to be dealt with. Richards denied having whipped him or having made any such statement. It would have served no useful purpose to recall Richards to reiterate his testimony. Immediately after Richards had testified that the confession was voluntarily made, the state called Trooper Lafleur, who testified to the same effect and counsel for the defendant did not interrogate him as to what happened the night before even though the witness was supposed to have been present.
The defendant did not testify that these witnesses were present at the time he claims the whipping was administered and there is no proof in this record to show that they were present on such an occasion. The sheriff of the adjoining parish and the other officers who accompanied Richards left immediately after the accused was placed in jail. While Richards was on the stand he was asked by counsel for the accused how he reconciled his statement, that these officers remained about 20 or 30 minutes after they arrived at the jail, with the testi *621 mony of one of these officers who had testified on the previous day that they had turned the defendant over to Richards and left. Richards explanation was to the effect that as soon as the accused was placed in jail they walked to the automobile in front.
There is no proof in this record that these five officers were present .at the time that the accused claims he was whipped and the accused himself does not testify that they were. In absence of any evidence to •show that they were present, I believe that the majority opinion is in error in stating that they should have been called to rebut the testimony of the accused. Moreover, •counsel for the accused had ample opportunity to question Richards and Trooper Tafleur when they testified on the inquiry into the admissibility of the first confession. The other witnesses were available to the defendant as well as the state because they testified on the merits of the case.
The ruling of the trial judge on the admissibility of the confessions should not be disturbed on this appeal because it is supported by the evidence. The only evidence to show that the accused was subjected to any violence or threats was his own testimony which the trial judge stated in his opinion was unworthy of belief. A- mere reading of his testimony in this record amply justifies the trial judge in his conclusion. The accused’s testimony is vague, uncertain, contradictory and he made no effort to identify the number of people present at the time he claimed he was whipped or who they were. When pressed on this point, his answer was that he did not remember. I do not see how the state could rebut this testimony or what witnesses should be called for that purpose. Richards testified that no violence or threats were made on that night and Trooper Lafleur when he was- asked a general question, on inquiry as to the admissibility of the first confession, “Was Honeycutt, in your presence, put under duress or fear by threats or intimidations of any kind?” replied, “No, Sir.”
For the above reason, I, respectfully, dissent.