The application of defendants for a rehearing is denied.

HAWTHORNE, Justice (dissented).

I am of the opinion that the judgment of the Court of Appeal reported in 69 So.2d 77 is correct and should be affirmed.

79 So.2d 490

**STATE of Louisiana**

**v.**

**Herbert FRANKLIN.**

No. 42075.

March 21, 1955.

Ed. J. deVerges, Jr., Geo. O'Dowd, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Edward M. Baldwin, Asst. Dist. Atty., New Baldwin, for the State.

PONDER, Justice.

The defendant was convicted of simple burglary and sentenced, as a quadruple offender, to serve a term of life imprisonment in the State Penitentiary. Only one question is raised on this appeal, by proper exception, and that is as to the admissibility of a confession made by the defendant.

The defendant contends that the State did not place the three police officers, who had testified in chief as to the free and voluntary nature of the confession, on the stand to rebut the testimony of the defendant that the officers had hit the defendant and kicked him on the legs and chest at the time the purported confession was made. In support of his contention, he cites the cases of State v. Scarbrough, 167 La. 484, 119 So. 523 and State v. Robinson, 215 La. 974, 41 So.2d 848.

From an examination of the testimony of the three police officers attached to the bill of exception, we find that counsel for the defendant asked the police officers these specific questions in their cross-examination and the officers denied the defendant was hit, kicked or abused in any manner. These three police officers were the only ones present when the confession was made.

It would serve no useful purpose to have these officers recalled to reiterate what they have already denied. No new question was raised for the State to rebut, therefore, the cases cited by the defendant have no application.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., absent.