188 So.2d 421

**STATE of Louisiana**

**v.**

**Harold Allen YOUNG.**

No. 48144.

June 30, 1966.

Edwin O. Ware, Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., F. Jean Pharis, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

Harold Allen Young was charged by bill of information with the crime of simple burglary denounced by La.R.S. 14:62.[1] He pleaded not guilty and in due course was tried before a jury, convicted and sentenced to serve three years at hard labor in the State Penitentiary.

Prior to sentence, defense counsel filed a motion in arrest of judgment in which he

---

1. La.R.S. 14:62: "Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60. (Ag-

set forth that under the Fifth Amendment to the Federal Constitution "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *." The motion further alleges that by reason of the proscriptions contained in the Fourteenth Amendment to the Federal Constitution a State may not abridge the privileges or immunities of citizens of the United States or deny them due process of law or equal protection of the laws. It is alleged in the motion that simple burglary is an infamous offense within the meaning of the Fifth Amendment; and the failure of the State to proceed against Young by grand jury indictment is a deprivation of the constitutional right to require a grand jury indictment as a basis for a prosecution for an infamous offense, which is guaranteed by the Fifth Amendment and made obligatory on the States by the Fourteenth Amendment.

The trial court denied the motion and it is the asserted error of that ruling which forms the basis for appellant's appeal.

There is no doubt that the constitution,[2] the statutory law[3] and the jurisprudence[4] of Louisiana sanction the prosecution of infamous crimes, other than those punishable by death, by way of bill of information. The crime involved here is unquestionably an infamous crime.

But counsel for appellant argues that, notwithstanding the well-settled law in this State, the Fifth and Fourteenth Amendments to the Federal Constitution should be interpreted to compel the States to require an indictment by a grand jury before an accused is prosecuted for an infamous crime. His argument, then, is that the constitution, legislative enactments and jurisprudence of this State are repugnant to the Federal Constitution.

Our appreciation of the present state of the law is that it is not a violation of the Federal Constitution for a State to provide for prosecution of an infamous crime by information when the constitution of the State authorizes that procedure. Gaines v. State of Washington, 277 U.S. 81, 86, 48 S.

gravated burglary.)
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years." (Parentheses added.)
2. Article I, Section 9 of the Louisiana Constitution of 1921 provides that: " * * * Prosecution shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on · affidavits; provided, that no person shall be held to answer for capital crime unless on a presentment or indictment by a

grand jury, except in cases arising in the militia when in actual service in time of war or public danger * * * "
3. Article 2, La.Code of Crim.Proc. provides: "All prosecutions may be by indictments; *all prosecutions for offenses not capital, shall be by indictment or by information,* provided that prosecutions for all misdemeanors when conducted in the municipal or recorders' courts throughout the state may be by affidavit." ' (Emphasis added.).
4. See annotations in West's LSA–R.S 15 :2.

Ct. 468, 72 L.Ed. 793 (1928); Bolln v. State of Nebraska, 176 U.S. 83, 86, 20 S.Ct. 287, 44 L.Ed. 382 (1899); Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884). As recently as 1964 the United States Supreme Court denied certiorari in a case involving the precise issue before us. Blakesley v. Crouse, 10 Cir., 332 F.2d 849 (1964), cert. denied, 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546 (1964). The theory is that the prohibitions of the Federal Constitution on this question operate only on the federal courts, and not on those of the states. Lloyd v. Dollison, 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062 (1904). To reach this result the United States Supreme Court long ago reasoned that there were differences between citizens of a State and citizens of the United States and they enjoyed different privileges or immunities. The right to be tried for an infamous crime only on presentment of a grand jury was found to be a privilege or immunity pertaining to citizens of the States and not to citizens of the United States. Only the States, therefore, could regulate or modify that privilege or immunity. Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597 (1900); 27 Am. Jur., Indictment and Information, § 6.

In arriving at this result the United States Supreme Court found the privileges and immunities of citizens of the United States referred to in the Fifth Amendment, without assuming to name them all, were the right to access to the seat of government to seek its protection or share its offices; to free access to the seaports of the Nation and to its various offices throughout the country and to the courts of justice of the several States; to demand the care and protection of the General Government over their lives, liberty and property when on the high seas or within the jurisdiction of a foreign government; the right, with others, to *peaceably* assemble and petition for a release of grievances; the right to the writ of *habeas corpus,* and to use the navigable waters of the United States, however they may penetrate the territory of the several States; also all rights secured to our citizens by treaties with foreign nations; and the right to become a citizen of any State in the Union by a bona fide residence therein. Slaughter-house Cases, 16 Wall, 36, 21 L. Ed. 394 (1872).

Not finding the right of a citizen to be prosecuted for an infamous crime only upon the presentment of an indictment by a grand jury to be among the privileges or immunities guaranteed to citizens of the United States, the Court concluded that that privilege or immunity pertained to citizens of the States. Hence it was decreed that the Fourteenth Amendment did not make the Fifth Amendment obligatory on the States in that respect. Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597 (1900). Slaughter-house Cases, supra.

To adopt appellant's proposition here we would have to disregard the long-settled interpretation of our Federal and State Constitutions. To do so would result in consequences which are serious, far-reaching and pervading, one of which would be a great departure from the structure and spirit of our institutions. Such a change in the paramount law would fetter and degrade the State Governments by depriving them of powers heretofore universally conceded to them of the most ordinary and fundamental character; it would involve an attempted change of the whole theory of the relations of the State and Federal Governments to each other and of both of these Governments to the people. Maxwell v. Dow, supra, Slaughter-house Cases, supra.

Both the Federal and State Constitutions provide methods and forums for bringing about constitutional change. These methods do not prescribe constitutional amendment by judicial decree. Appellant should advance his notions before the appropriate forum. We will not usurp the prerogatives of the people and bring about the change which appellant advocates.

For the reasons assigned the conviction and sentence are affirmed.