215 So.2d 511

STATE of Louisiana

v.

Jake M. LaCAZE and Vince Patrem.

STATE of Louisiana

v.

Jake M. LaCAZE.

Nos. 49076 and 49077.

Nov. 12, 1968.

G. Wray Gill, George M. Leppert, New Orleans, A. J. Graffagnino, for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

The defendants herein, Jake M. LaCaze and Vince Patrem, were jointly charged in a bill of information with, and tried for, the crime of simple burglary. They were convicted as charged.

Patrem was sentenced to serve four years in the Louisiana State Penitentiary. However, the state filed a bill of information, under the provisions of LRS 15:529.1, alleging that LaCaze was a multiple offender. Following a hearing of the latter matter, LaCaze was sentenced to serve twelve years in such institution.

Both defendants are appealing from such convictions and sentences.

Although a number of bills of exceptions were reserved during the course of the trial, and thereafter perfected, the defendants are urging but two bills to obtain a reversal of the convictions and sentences. These bills, which present the same issue (bill No. 2 of LaCaze and bill No. 1 of Patrem), were taken to the court's overruling of the oral motions of the defendants to quash the original information, the motions being predicated on the assertion that the Fifth Amendment to the United States Constitution provides that no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury, neither of which was filed herein.

As the trial judge points out in his per curiam to these bills, the motions to quash were not in writing as required by Article 536 of the Code of Criminal Procedure. Nevertheless, we think, as did such judge, that there is no merit otherwise in the bills.

The Louisiana Constitution (in Article I, Section 9) provides for bringing a criminal charge, except in a capital case, by either an indictment or a bill of information (see also LRS 15:2). And the precise question argued here was presented in the case of State v. Young, 249 La. 609, 188 So.2d 421. It was there decided adversely to the accused. We adhere to that ruling and the reasons set forth in the opinion.

It is argued by these defendants that the recent decision of the United States Supreme Court in Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491, now compels a different result. But we do not believe that such decision warrants a departure from the holding of the Young case.

The Duncan matter dealt solely with the right to a trial by jury, as provided for in the Sixth Amendment to the United States Constitution. The majority opinion specifically refrained from incorporating all of the provisions of the Sixth Amendment, much less those of the Fifth Amendment as well, into the Fourteenth Amendment so as to make them applicable to state criminal procedures. In fact, that opinion, together with the remarks of the concurring and dissenting justices, makes this abundantly clear.

Besides, as we pointed out in State v. Young, supra, " * * * As recently as 1964 the United States Supreme Court denied certiorari in a case involving the precise issue before us. Blakesley v. Crouse, 10 Cir., 332 F.2d 849 (1964), cert. denied, 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed. 2d 546 (1964). * * *" The Blakesley case involved a charge of first degree murder in Kansas, as set forth in a bill of in-

formation, which was permitted by the constitution and laws of that state.

But even assuming for the sake of argument that the rationale of the Duncan decision would appear to support a reaching of the result sought herein, with regard to the bringing of a criminal charge, we do not believe it to be applicable to the instant case. This is for the reason that the United States Supreme Court, in DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, has since held that the Duncan holding should not be retroactively applied, and that it should be effective only in a case in which the trial began after the date of its rendition—May 20, 1968. The assailed information herein was filed on November 3, 1966. The defendants were tried and convicted on June 22, 1967, and the appeals were lodged in this court on January 30, 1968. See State v. Evans, 249 La. 861, 192 So.2d 103; State v. Allen, 251 La. 237, 203 So.2d 705; State v. Cardinale, 251 La. 827, 206 So.2d 510 and State v. Dean, 252 La. 43, 209 So.2d 16.

As we have heretofore indicated, the other perfected bills were not urged on this appeal. However, we have examined them, and we find that they are without substance.

For the reasons assigned the convictions and sentences are affirmed.