218 So.2d 313

**STATE of Louisiana**

v.

**George W. SKIFFER.**

No. 49287.

Jan. 20, 1969.

Nils R. Douglas, Collins, Douglas & Elie, Richard B. Sobol, George M. Strickler, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., for appellee.

BARHAM, Justice.

The defendant George W. Skiffer was charged by bill of information with the crime of attempted murder, tried by jury, convicted, and sentenced to 10 years in the Louisiana State Penitentiary. On this appeal he relies upon three perfected bills of exception for a reversal of his conviction and sentence.

■■■ Bill of Exception No. 5 was taken to the court's ruling that an oral admission or statement made by the defendant was admissible.[1] The defendant contends that this incriminating statement was elicited under police custodial interrogation, and that the State failed to prove beyond a reasonable doubt that he was properly advised of his constitutional rights before the statement was made. It was admitted by the State in brief and in oral argument that the rules regarding confessions laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applied when the defendant was tried, and that in one respect this defendant was not advised of his constitutional rights in accordance with those rules since he was not informed that he was entitled to court-appointed counsel if he was indigent. Such an admitted failure is sufficient under Miranda to require the suppression of a statement under custodial interrogation, and any other deficiencies in the purported warnings given this defendant need not be discussed. The issue to be resolved, therefore, is whether this admission was given under "custodial interrogation".

The State's recital of the events preceding the statement is that the defendant responded to a request to come to the Bogalusa police station, where he was interrogated about another person's possible participation in the crime while he himself

---

1. Bill of Exception No. 5, as signed by the trial judge and presented to us, states that it consists of "the testimony of the police officers, arguments of counsel, and the ruling thereon by the Court". The foundation testimony for the admission is attached to the bill. The minute entry of the defendant's reservation of his bill does not reflect that his counsel requested at the time of objection that the testimony be made a part of the bill. The State says in brief that it "* * * believes that the issue raised * * *" is not properly before us because the minute entry fails to show a request by the defendant for the testimony to be attached.

There is no merit in the State's contention. That the defendant reserved his bill of exception is reflected in both the minute entry and the formal bill of exception. The formal bill presented to us over the trial judge's signature contains the objection, the ruling, and the facts (testimony) upon which the objection was based. See C.Cr.P. Arts. 843, 844, 845. Any complaint as to the content and composition of the formal bill of exception should have been resolved before the trial court. The judge's signature without per curiam is indicative that he accepts the bill as constituted and that comment from him is unnecessary.

was neither under arrest nor a suspect; that during the questioning he became a suspect and was arrested; that he was warned of certain constitutional rights; that no information was elicited under interrogation thereafter; but that while being transferred from the Bogalusa jail to the courthouse in Franklinton, the defendant without interrogation, prompting, or solicitation began to make exculpatory remarks. The State contends that such a statement is "volunteered" and is therefore excepted from the Miranda rules.

The foundation laid by the State for the admission of the statement consists only of testimony of the assistant chief of the Bogalusa police department. He testified on direct examination before the jury that the defendant came to the police station by invitation, that he was questioned about the possible involvement of another person suspected of this crime, that he was detained from three to three and one-half hours, that during this detention he was questioned for an hour or an hour and a half by the assistant chief and two other officers, that in the course of this interrogation it became apparent to them that the defendant him-

self was a suspect, and that as soon as they realized this, they advised him of his constitutional rights.

When the district attorney asked the witness whether the defendant made "a statement which involved him in this crime", defense counsel objected, and the jury was retired so that the State might lay the foundation for the statement's admission out of the jury's presence. The witness on cross-examination out of the jury's presence repeated his testimony that the accused was advised of his constitutional rights in the police station at the time he was placed under arrest, and testified that the warnings given the defendant were that he did not have to make a statement incriminating himself, that he was entitled to make a telephone call, that he could remain silent, and that he was entitled to counsel. According to the witness, the defendant made a statement at a later time.[2]

It is apparent that this testimony, which we have summarized above, utterly fails to prove the State's contention that the defendant's remarks were not made under police custodial interrogation. To the contrary, it establishes that police custody, ar-

---

2. The only reference to time and place of the statement in the entirety of this testimony is as follows:

"A. I didn't give him any warning at the exact time that he gave his statement. He wasn't giving a statement as such and the statement that he did give was after the time that he was under arrest and he was told at that time that we didn't even want a statement from him and we did not at that time. * * *
"* * * *
"Q. When had he made these statements you were talking about?
"* * * *
"A. That was after he had been arrested en route to the District Jail."

rest, and interrogation preceded the defendant's admission. If, as the State contends, the statement was made during the ride from one city to the other, the testimony does not acquaint us with what transpired during that ride. In fact, there is no evidence whatever before us of the circumstances under which the statement was actually given by the defendant. The State has failed to establish when, where, why, how, or in what context it was made, or that it was given without solicitation or interrogation.

In Miranda v. Arizona, supra, the United States Supreme Court said: " * * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant *unless it demonstrates the use of procedural safeguards effective* to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. * * *" (Emphasis supplied.)

■ The foundation demonstrating the admissibility of confessions and admissions must be laid by the State with affirmative proof. LSA–R.S. 15:451, 452; State v. Michel, 225 La. 1040, 74 So.2d 207; State v. Johnson, 229 La. 476, 86 So.2d 108; State v. Weston, 232 La. 766, 95 So.2d 305; State v. Savell, 238 La. 758, 116 So.2d 513.

The State is obligated to establish by proof which convinces beyond a reasonable doubt that the legal requirements for voluntariness have been complied with. The State has failed to discharge this burden, and the submission of the statement to the jury was reversible error.

■ Of the two remaining bills of exception only Bill No. 7 concerns a matter which will probably arise on a new trial, and should be considered. This bill, taken when a motion to quash the bill of information was denied, is grounded upon the theory that a logical extension of the holding in Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L.Ed.2d 491, requires all serious crimes to be prosecuted under a bill of indictment found by a grand jury. We faced this issue recently in the case of State v. LaCaze, 252 La. 971, 215 So.2d 511, and decided it adversely to the contention of the defendant here. See also State v. Young, 249 La. 609, 188 So.2d 421. There is no merit in this bill.

For the reasons assigned the conviction and sentence are reversed and set aside, and the cause is remanded to the district court for a new trial according to law.

SUMMERS, J., dissents.

HAMLIN, Justice (dissenting):

I agree with the following statement of the trial judge after argument on the admissibility of statements made by defendant while he was in custody:

"I find that there was no coercion and I think the man was adequately informed of his constitutional rights and I am going to overrule your objection."
I respectfully dissent.

SANDERS, Justice (dissenting).

As I appreciate the evidence, the defendant gave an unsolicited exculpatory statement while he was being transported to the parish jail. Since the officers sought no statement at the time, no interrogation was in progress.

Under these circumstances, I do not consider the statement as one "stemming from custodial interrogation of the defendant." Hence, the decision in Miranda v. Arizona is inapplicable.

For the reasons assigned, I respectfully dissent.