310 So.2d 587 (1975)
STATE of Louisiana
v.
Richard SIMS, Jr.
No. 55472.
Supreme Court of Louisiana.
March 31, 1975.
*588 Ben E. Atkins, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Richards Sims, Jr. was charged by bill of information with armed robbery, in violation of R.S. 14:64. He was tried before a jury, found guilty and sentenced to serve sixteen years at hard labor. On appeal to this court, he relies on five bills of exceptions. The first three are concerned with the admitting into evidence of a waiver of rights form and a written confession over the defendant's objections. The fourth and fifth bills of exceptions concern whether a proper foundation was laid by the State for the introduction into evidence of a weapon, cartridges and a cigar box full of money, all of which were seized at the time of arrest.
While the defendant was in police custody following his arrest, he signed a waiver of rights form and a written confession, the latter, according to the testimony of the interrogating officers, having been dictated by the defendant and transcribed by one of the officers. The basis for defendant's objection to the admission of the confession is that it was not free and voluntary, but rather was the result of coercion and physical mistreatment during his interrogation. He also alleges that he signed the waiver of rights form only because he was not properly informed of his right to counsel during interrogation, having been told only that he had a right to have a lawyer appointed in court.
The law governing these proceedings is set forth in R.S. 15:451 and 15:452:
"Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."
"No person under arrest shall be subjected to any treatment designed by effect *589 on body or mind to compel a confession of crime."
Also applicable is La.Const. Art. 1, § 11, which provides:
"... No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel confession of crime; nor shall any confession be used against any person accused of crime unless freely and voluntarily made."
There is a considerable amount of jurisprudence interpreting these laws. The State has the burden of proving beyond a reasonable doubt that the requirements of R.S. 15:451 and 15:452 have been met. See State v. Skiffer, 253 La. 405, 218 So. 2d 313 (1969); State v. Savell, 238 La. 758, 116 So.2d 513 (1959) and the cases cited therein.
The decision of the trial judge on the question of whether the confession was voluntarily given is entitled to great weight. State v. Hall, 257 La. 253, 242 So.2d 239 (1970) and cases cited therein. The State introduced the testimony of both officers who were present at the interrogation of the defendant to prove that the statement was freely and voluntarily made. The officers testified that they did not threaten the defendant nor did they make promises to induce him to confess or to sign the waiver of rights form. The officers specifically testified that they did not use any violence to obtain the confession or defendant's signature on the waiver of rights form.
Defendant took the stand to rebut the testimony of the officers. He stated that they hit him, threw him over a table and kicked him. Defendant also claimed that a third unidentified person participated in this beating. Defendant contends that it was only as a result of his fear of further beating that he signed the confession. After defendant was cross-examined on the issue, the trial judge asked him several questions about whether he understood the waiver of rights form and whether he knew that he had a right to an attorney. Only after this questioning did the trial judge conclude that the waiver of rights form was understood and voluntarily signed by the defendant and that the confession was also voluntary and thus admissible into evidence.
It is contended that the State was required to introduce evidence in rebuttal of the defendant's contention that he was beaten and forced to sign the confession. This contention is based on several general statements in our jurisprudence that the State must introduce evidence to rebut specific testimony of the defendant which tends to show that the confession was not voluntarily made. State v. Monroe, 305 So.2d 902 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950); State v. Robinson, 215 La. 974, 41 So.2d 848 (1949). In this case the officers specifically testified on direct examination that there was no force or violence used against the defendant when the confession was obtained. Although this evidence was not introduced in rebuttal of the defendant's testimony, it is in direct conflict with the defendant's version of the incident. It would be superfluous to require the officers to take the stand to repeat what they testified to in the State's affirmative showing. In all of the cases cited above this court required the State to introduce evidence which rebutted the testimony of the defendant concerning the voluntariness of the confession of the accused. However, in each case this was necessary because there had been no directly conflicting testimony offered by the State in its affirmative presentation on the voluntariness of the confession. For example, in State v. Simien, supra, the officers testified that the defendant was not threatened or harmed, and that he confessed without any inducements or promises. The defendant stated that the officers kept him for forty-eight hours without food and then he confessed. The officers *590 did not address themselves to this particular issue in the State's affirmative presentation. Therefore, rebuttal of the defendant's testimony was necessary. However, in the instant case, the officers specifically stated in the State's affirmative presentation that no violence was used against the defendant. No purpose would have been served by recalling the officers to repeat their testimony. Only when the defendant presents evidence which is not directly contradicted by the officer's original testimony is the State required to present evidence to rebut the defendant's evidence. The trial judge correctly ruled in this case that the confession was freely and voluntarily made, and, therefore, its admission into evidence was proper.
The fourth and fifth bills of exceptions were reserved when a pistol, cartridges and a cigar box found in defendant's possession when he and his friends were arrested were introduced into evidence. The pistol and cartridges were used in the robbery and the cigar box had been taken from the store because it contained money. The defendant objected to the introduction of these items contending that the State did not show a proper chain of custody of the items from the time of the arrest, when they were seized, until the time of their presentation at trial. In this case the arresting officer identified the pistol and cartridges and the cigar box as the same ones that he seized at the time of arrest. He had marked these items and was able to identify them as the particular ones seized when defendant was arrested by examining the identifying marks. This was a sufficient foundation for the introduction of the evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Hills, 259 La. 436, 250 So.2d 394 (1971).
These bills are without merit.
Accordingly, the conviction and sentence are affirmed.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
I must disagree with the majority's conclusion that this case can be distinguished from all of those cases in which the Court has held that the State is required to introduce evidence in rebuttal of a defendant's specific contentions that his confession was prompted by physical coercion. The majority state:
"* * * In all of the cases cited above [four cases cited for the proposition that upon a defendant's allegation of threats and physical coercion, the State must introduce evidence to rebut specific testimony which tends to show that the confession was involuntary] this court required the State to introduce evidence which rebutted the testimony of the defendant concerning the voluntariness of the confession of the accused. However, in each case this was necessary because there had been no directly conflicting testimony offered by the State in its affirmative presentation on the voluntariness of the confession. * * *" (Emphasis supplied.)
In both State v. Robinson, 215 La. 974, 41 So.2d 848 (1949) and State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950), two of the cases referred to in the above-quoted statement of the majority, the State introduced evidence that the defendants were in no way threatened, coerced or harmed in an attempt to discharge its burden of affirmatively showing that the confessions were freely and voluntarily given. The defendants in those cases then took the stand and testified that, contrary to the testimony of the State's witnesses, who averred that there were no threats or coercive action, they had in fact been threatened and beaten in the presence of the very witnesses who had testified that there had been no resort to such measures. I cannot envision more directly conflicting testimony.
For these reasons, I believe that the State's failure to recall the witnesses who attempted to establish the free and voluntary *591 nature of the defendant's confession constitutes a failure to meet its statutory burden under La.R.S. 15:451. This failure mandates a reversal of the defendant's conviction and sentence.
I respectfully dissent.