332 So.2d 797 (1976)
STATE of Louisiana
v.
Frederick James TUCKER.
No. 57333.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
*798 Nathan S. Fisher, Williams & Fisher, Baton Rouge, for defendant-appellant.
Dennis R. Whalen, Baton Rouge, for amicus curiae.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Frederick Tucker was charged with committing an armed robbery upon a clerk at a liquor store in Baton Rouge, in violation of R.S. 14:64. He was tried in January 1975, found guilty, and sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals to this Court on the basis of a single assignment of error.
Defendant argues that the trial judge erred in ruling admissible evidence of an oral inculpatory statement made by defendant to police officers. He contends that the statement was not shown to have been made voluntarily. Specifically, defendant argues that his statement was the result of a promise of leniency made by the officers to him. He says that such a promise can be inferred from the fact that the officers transported defendant from Baton Rouge to New Orleans where he led them to a spot where a suspect in another crime was supposed to be.
In order for an oral inculpatory statement to be admissible, the state must prove beyond a reasonable doubt that the statement was freely and voluntarily made. R.S. 15:451; La.Const. art. I, § 11 (1921); State v. Sims, 310 So.2d 587 (La.1975); State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969). On review, however, the decision of the trial judge is given great weight. State v. Sims, supra); State v. Hall, 257 La. 253, 242 So.2d 239 (1970) and the cases cited therein.
At the trial of defendant Tucker, the two police officers present at the time the statement was made testified out of the presence of the jury. Both men stated that they first read a rights form to defendant fully advising him of all his rights, and that he understood and waived them. Thereafter defendant made the statement in question. Both officers steadfastly testified that the oral statement was voluntarily given after they had questioned defendant for thirty minutes at about 11:30 in the morning on March 28, 1974. Each man specifically stated that no inducements or promises were made to the defendant. On cross-examination, defense counsel asked Officer Gill if he had tried to solicit defendant's help in any way, and the officer denied that he had. Counsel asked if he had promised to "go easy" on defendant if he helped the officers with anything, and the officer said he had not. When counsel asked the officer if he had asked defendant to help him with the case of "Pony Cat" Smith, Officer Gill replied that after defendant had given his statement defendant himself mentioned "Pony Cat" Smith. Counsel did not question Officer Gill further about this conversation, but the other officer, Detective Alford, admitted on cross-examination that, in order for defendant to show them "where a guy lived," they had taken Tucker to New Orleans after he had already voluntarily confessed, probably on the evening of the day on which he had earlier been arrested and given his statement. He stated that defendant brought up the subject of this other person, rather than responding to questions about it.
The defendant presented no witnesses at all to attack the state's showing of the free and voluntary nature of the confession during the admissibility hearing out of the presence of the jury. The record does reveal that the defendant testified in his own behalf after the close of the state's case in chief. On that occasion, he said that Officer Gill promised to help him get out of the armed robbery charge if he helped the police apprehend Paul Smith. However, even Tucker did not testify that he confessed to the crime in *799 response to an offer of leniency; he testified that he led the officers to the suspect's alleged hiding place in response to a promise of leniency. Furthermore, his testimony came during the presentation of his defense, long after the trial judge had determined, outside of the presence of the jury, that the confession was admissible. Therefore, defendant's testimony does not affect the admissibility of the confession, but merely affects the weight the confession will be given by the jury. State v. Stevenson, 323 So.2d 762 (La.1975); State v. Sears, 298 So.2d 814 (La.1974).
In light of the content of this record, including the unrebutted testimony of the two officers that no promise of leniency was ever made to defendant in order to persuade him to confess, we hold that the trial court did not err in ruling defendant's oral inculpatory statement admissible.
A second matter has been presented to the Court on this appeal. Another attorney was granted leave by the Court to file a brief as amicus curiae on behalf of defendant Tucker. Amicus counsel argued that reference at the trial to possible misconduct by defendant's attorney prejudiced Tucker's right to a fair trial. He argued to the Court that the appointed defense attorney's alleged misconduct could not be imputed to defendant and should be imputed to the state, and he asks that Tucker's conviction be reversed and a new trial granted. Were this contention properly before the Court, it would be given our consideration. However, the proper remedy for allegations such as these (relating, we assume, to ineffective assistance of counsel or denial of due process) lies through the vehicle of a writ of habeas corpus filed in the district court by the purportedly aggrieved defendant. If defendant Tucker should wish to pursue this matter, he can apply for a writ of habeas corpus. If sufficient and appropriate grounds are stated, an evidentiary hearing will be granted so that he may make a complete record in support of the allegations and plea for habeas relief. Needless to say, this Court offers no view concerning the merit of such habeas application as may be brought hereinafter.
Consequently, the motion of amicus curiae to supplement the record is denied, and, there being no merit in the one assignment of error before us, defendant Frederick Tucker's conviction and sentence are affirmed.