346 So.2d 672 (1977)
STATE of Louisiana
v.
Ernest DANIELS.
No. 58938.
Supreme Court of Louisiana.
May 16, 1977.
Rehearing Denied June 17, 1977.
*673 Arthur A. Lemann, III, Supervising Atty., New Orleans, Elizabeth A. Tunks, Student Practitioner, Loyola Law School Clinic for amicus curiae.
*674 A. J. Schmitt, Jr., Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On February 7, 1975 Ernest Daniels and Edward Watson were charged by bill of information with the armed robbery of an employee of an Allstate Loan office on August 15, 1974, in violation of R.S. 14:64. On May 9, 1975, after a trial by jury, defendant Watson was found not guilty but defendant Daniels was found guilty as charged. Subsequently, after a hearing was conducted on July 25, 1975, defendant Daniels was sentenced as a multiple offender to serve ninety-nine years at hard labor. On appeal defendant relies upon six assignments of error for reversal of his conviction.[1]

Assignment of Error No. 2
Supreme Court Rule XX provides for limited participation by law students in trial work. Rule XX, § 3 requires that the defendant and the supervising attorney must consent in writing to the eligible law student's participation, and that this consent must be brought to the attention of the trial judge and filed in the record. Initially defendant was represented by Basile Uddo, as supervising attorney, and two Tulane Law School students participating in the school's clinical education program. Defendant and Mr. Uddo consented in writing to the students' participation these consent forms are filed in the record. Shortly prior to trial it became necessary for Mr. Uddo to go out of town. He requested that Frederick W. Bradley, a licensed attorney, substitute for him at trial. Mr. Bradley did not execute a written consent to act as supervising attorney and defendant did not again consent in writing to the participation of law students. On this basis defendant contends in this assignment of error that Rule XX was violated and thus mandates that his conviction be reversed.
Although a second written consent form was not signed by defendant, the record reveals the following exchange which transpired prior to trial out of the presence of the jury:
"THE COURT:
Mr. Daniels, step forward and stand by that microphone. (Defendant complies). Prior to trial today Mr. Bradley interviewed you and stated you had no objection to Mr. Bradley being present since he had been present on numerous pretrial motions, to him representing you with Mr. Dreischarf and Miss Theissen, [the student practitioners the defendant previously consented to have represent him] is this correct?
BY ERNEST DANIELS, THE DEFENDANT:
Yes.
THE COURT:
You recognize Mr. Uddo, and we are going to trial with your consent with Miss Theissen and Mr. Dreischarf and Bradley as your counsel, is this agreeable to you? BY ERNEST DANIELS, THE DEFENDANT:
Yes, sir."
The foregoing indicates that defendant Daniels fully consented to the student participation in his defense. There was substantial compliance with Rule XX, § 3, and this assignment does not present reversible error.

Assignment of Error No. 3
In State v. Hoffman, La., 345 So.2d 1, this court held that C.Cr.P. 784 requires that the jury panel be selected from the petit jury venire indiscriminately and by lot in open court. In this assignment defendant contends that since the jury panel in this case was not selected by lot in open court, his conviction must be reversed.
*675 In Hoffman the defense attorney timely objected prior to voir dire to the procedure of selecting the jury panel other than in open court. However, in the case before us, the transcript indicates and the minutes reflect that the defense attorney objected to this procedure only after voir dire and after the jury had already been selected. Therefore, the objection was untimely, and this error was waived. C.Cr.P. 841.

Assignment of Error No. 4
In this assignment defendant contends that the trial judge erred in permitting a defense witness, Tyrone Simpson, to refuse to testify on defendant's behalf on the basis of the Fifth Amendment privilege. Defendant alleges that although Simpson told the police of his involvement in the robbery, this accusation was false and was induced by a desire to stop the police from beating him.
Defendant called Tyrone Simpson as a witness and the following occurred:
"BY MR. DREISCHARF:
Q Mr. Simpson, would youdo you know Ernest Daniels?
A I refuse to answer that question under the grounds that it might incriminate me.
MR. DREISCHARF:
No further questions, your Honor.
THE COURT:
Mr. Masinter, you have questions?
DIRECT EXAMINATION
BY MR. MASINTER:
Q Will you take the Fifth Amendment as to all questions asked of you?
A I refuse to answer that question as it may incriminate me.
MR. MASINTER:
No further questions.
THE COURT:
The witness is excused. Next witness for Ernest Daniels."
Defense counsel at trial did not attempt to traverse the witness' allegation that the answer might tend to incriminate him. In fact, as the record reveals, the defense attorneys appeared satisfied with the witness' response. On appeal defendant now contends that the judge should not have allowed the witness to utilize the Fifth Amendment privilege. Since the court was not apprised of the action which counsel desired him to take, there is no erroneous ruling preserved for our review. C.Cr.P. 841, 920.
This assignment lacks merit.

Assignment of Error No. 5
Defendant argues that the trial judge unduly restricted cross-examination and impeachment of two prosecution witnesses. Defendant contends that Mrs. Ellenbush, a witness to the armed robbery, testified at trial that she did not remember whether defendant had facial hair at the time of the robbery. Defendant alleges that he attempted to impeach this testimony in the following manner:
"Q Didn't I ask you if the man you recognized had facial hair?
A If he had what?
Q Facial hair. Hair on his face, mustache.
A I don't remember if you did or didn't.
Q Do you remember that you said, `He didn't have facial hair?'
MR. DUSSOUY:
Objection. She is testifying.
THE COURT:
I think counsel is right. You are testifying. I sustain the objection."
Defendant also contends that Mr. Madere testified at the preliminary hearing that he was shown an initial set of photographs about two weeks after the robbery, but that he did not identify any one from those pictures. He also testified that he was shown another group of pictures at a later time, but that he did not know the date or the month. At trial Mr. Madere testified he was shown the first batch of pictures four to six weeks after the robbery or maybe "a little less than that," and the second batch on January 9, 1975. The following exchange then occurred:
"Q Mr. Madere, I asked you the same questions at the preliminary hearing.

*676 MR. DUSSOUY:
I object to defense counsel testifying, your Honor.
THE COURT:
Sustained.
Q Mr. Madere, did you tell me at that time that you made the identification less than
THE COURT:
Same objection, you are testifying."
R.S. 15:493 provides in part that "[w]henever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement . . ." (Emphasis added). In the instant case, Mrs. Ellenbush did testify at trial that she did not remember whether defendant had facial hair at the time of the robbery. However, this testimony was not adduced until sometime after defense counsel attempted to "impeach" her in the foregoing manner. Thus, although defense counsel attempted to lay the foundation to impeach the witness, since the testimony which allegedly was contradictory to a previous statement had not yet been adduced, the judge properly ruled that defense counsel was "testifying." Thus, the questioning was improper cross-examination and impeachment and the questioning was properly limited.
At the preliminary hearing Mr. Madere was not sure when he saw the first batch of pictures but he thought it was "quite awhile later." Upon further examination he finally testified that it was "probably two weeks later." At trial he was not sure when he saw the first batch of pictures and stated it was "four to six weeks [later], I don't know. It may have been a little less than that." Thus, the previous testimony was not substantially contradictory to the trial testimony. Although the judge may have improperly ruled that defense counsel was testifying, it does not appear that defendant was substantially prejudiced by the ruling.
This assignment does not present reversible error.

Assignment of Error No. 6
This assignment of error concerns allegations that defendant's trial counsel was ineffective. (Counsel on appeal did not represent defendant at trial). We offer no opinion as to the merits of defendant's contentions. This matter has not been raised in the court below. Such allegations must be presented through a post-conviction writ of habeas corpus; they do not present issues reviewable under this appeal. C.Cr.P. 841, 920; State v. Tucker, 332 So.2d 797 (La.1976); State v. Mouton, 327 So.2d 413 (La.1976).
For the foregoing reasons, the conviction and sentence are affirmed.
NOTES
[1] In Assignment of Error No. 1 defendant contended that his counsel, appointed for appeal purposes, was wrongfully denied a transcript of voir dire and closing argument. These proceedings have now been transcribed. They disclose no error reviewable on appeal.