495 So.2d 996 (1986)
STATE of Louisiana
v.
Byron L. TAYLOR.
No. CR86-227.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Writ Denied January 9, 1987.
*997 Richard P. Weimer, Lafayette, for defendant-appellant.
Byron Taylor, Broussard, pro se.
Robin Rhodes, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and YELVERTON, JJ.
*998 GUIDRY, Judge.
Defendant, Byron L. Taylor, was charged by bill of information on December 18, 1984 with the unauthorized use of a movable valued in excess of $1,000, in violation of La.R.S. 14:68.
On October 15, 1985, the defendant was tried before a judge alone and found guilty as charged.[1] Defendant was thereafter sentenced to serve six months in the parish jail.
Defendant, pro se, now appeals his conviction and assigns thirteen assignments of error.

FACTS
Sometime on December 7, 1984 Taylor went to Lafayette Motors, Inc., in Lafayette Parish in an attempt to purchase an automobile. After test driving a few, Taylor selected a 1984 Chrysler New Yorker Fifth Avenue. Taylor returned that afternoon and tendered an instrument labeled a "Public Office Money Certificate" to the salesman as payment for the selected automobile. The salesman took the instrument over to the sales manager for his examination and approval, which approval was denied as the instrument was apparently worthless.[2] Upon return to his office, the salesman noticed that both the Chrysler and Taylor were gone.
The car was then reported stolen and later recovered, apparently abandoned on Johnston Street in Lafayette.

ASSIGNMENTS OF ERROR NOS. 1 AND 12:
Appellant contends the trial court denied him right to counsel of his choice, pursuant to the First, Fifth, Sixth, Eighth, and Ninth Amendments to the U.S. Constitution.
Defendant was offered assistance of counsel, who was a member of the Louisiana State Bar Association, but such assistance was repeatedly and unequivocally refused by the defendant. Defendant instead insisted on representation by a person who was not an attorney. There is no Sixth Amendment right to be represented by a non-attorney. United States v. Benson, 592 F.2d 257 (5th Cir.1979). There is likewise no such right granted under the other constitutional amendments cited by appellant. These assignments are without merit.

ASSIGNMENT OF ERROR NO. 2:
The defendant's next contention is that the trial court erred in denying the appellant the right to be indicted by a grand jury before being prosecuted for an infamous crime.
It has long been held that charge by indictment for all infamous crimes has not been incorporated into the Fourteenth Amendment as a fundamental right binding upon state courts. Gaines v. State of Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); State v. Young, 249 La. 609, 188 So.2d 421 (1966). La.C.Cr.P. art. 382 authorizes institution of prosecution by bill of information for offenses not punishable by death or life imprisonment. This assignment is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 11:
The defendant next contends that the trial court erred in denying him due process of law because he was prosecuted by a judicial officer, thus violating the separation of powers doctrine as laid out in the United States Constitution.
Without reaching the question of whether such a due process right exists, the proceedings against defendant did not violate the separation of powers doctrine. *999 Defendant relies on Louisiana Constitution Art. 5 § 26 which places the District Attorney of a judicial district in charge of every criminal prosecution by the State. The defendant's contention is that, since the power is given in Art. 5, which is entitled Judicial Branch, the District Attorney is a member of the Judicial Branch of government and, therefore, under the direct supervision of the judiciary.
Art. 5 § 26 (B) of the Louisiana Constitution clearly sets out that the District Attorney shall have charge over every criminal prosecution by the state in his district. The defendant's contention that the District Attorney's supervision is in the hands of the judiciary is erroneous.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 11:
By these assignments of error, defendant asserts that he was denied the right to be tried by a Common Law jury of twelve of his peers and equals.
Despite appellant's contention that his status is as a "Freeman and/or Merchant at Law", he is incorrect in his assertion that, since he has not reduced his relationship to one of contract with this state, he is subject only to the Common Law. Courts of this state are empowered to take jurisdiction over all persons, not otherwise granted immunity, who have committed crimes against the people of this state. Subject to the jurisdiction of the courts of this state, such a person will be tried in accordance with the procedures of this state. Among these procedures is that trial in cases where punishment may be confinement at hard labor, but not necessarily so, shall be by a jury composed of six. La.C.Cr.P. art. 782. It is well settled that common law regulates criminal procedure in Louisiana only where it has not been abrogated or modified. State v. Hataway, 144 La. 138, 80 So. 227 (1918).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 5:
The defendant's fifth assignment of error alleges that he was denied his right to be free from seizure (arrest) unless by warrant based upon probable cause supported by oath or affirmation pursuant to the Fourth Amendment of the United States Constitution. As a result, the defendant seeks to have his conviction set aside.
La.C.Cr.P. art. 213 authorizes police officers to make warrantless arrests when a person has committed a felony although not in the presence of the officer. The Fourth Amendment to the U.S. Constitution prohibits only warrantless arrests made without probable cause or in cases involving a nonconsensual entry into a residence for the purpose of a routine felony arrest. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). There is no contention that the arrest was made in the defendant's residence or that probable cause was lacking but only that the arrest was made without a warrant. In any event, the sanction for an illegal arrest is the suppression of evidence resulting from the illegal arrest, not the automatic reversal of a conviction as the defendant suggests. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 6:
By this assignment of error defendant contends that the trial court erred in allowing him to be charged with a crime not punishable at common law.
The determination and definition of facts which are punishable as crimes are purely legislative functions or declarations of the people embodied in the Constitution and there are no common law crimes in this state. La.R.S. 14:7; State v. Pierre, 320 So.2d 185 (La.1975). Defendant's status does not, as he claims, leave him immune and free to commit any crime not cognizable under the common law against the peace and dignity of this state.
This assignment of error is without merit.

*1000 ASSIGNMENT OF ERROR NO. 7:
By this assignment defendant contends he was denied his right to confront and cross-examine witnesses against him in violation of the Sixth Amendment. The record reflects that the defendant fully confronted and cross-examined all witnesses presented by the State. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 8 AND 11:
Appellant's next assignments challenge the propriety of his trial as the district court judge was not one in conformance with Article III of the U.S. Constitution. As Article III vests the judicial power of the United States and not that of the State of Louisiana, appellant's assignments of error are frivolous and wholly without merit.

ASSIGNMENT OF ERROR NO. 9:
By this assignment defendant contends that the trial court erred in denying the defendant due process of law, rushing to justice and denying him the right to present and argue his motions fully in open court.
The specific motion referred to by defendant is a motion to quash filed August 5, 1985. The trial court allowed sufficient time for appellant to argue his motion before trial and correctly ruled the motion had no basis in law and denied the motion. Defendant moved to quash the bill of information because it was not supported by affidavit. A bill of information, signed by the district attorney, requires no such affidavit. La.C.Cr.P. art. 384.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 10:
By this assignment defendant claims that the statute under which he was prosecuted, as applied in this case, is unconstitutional in that it impairs the obligation of a valid contract in violation of Art. I § 10 of the U.S. Constitution.
The record clearly demonstrates that no contract was ever made. First, the record established that the contract to sell the automobile was never approved by the sales manager as the printed contract form used in this transaction required. Since there was no acceptance, there can be no contract. La.C.C. art. 1927. Secondly, a contract of sale requires an agreed price. The price to be paid contemplated by the defendant buyer was certainly not the same as the price to be received contemplated by the victim seller. The instrument which purported to evidence the purchase money was worthless. If there is no price there can be no contract of sale. La.C.C. arts. 2439, 2456. Where there is error that concerns cause there can be no obligation. La.C.C. arts. 1949, 1950. Defendant's worthless instrument does not constitute any cause or consideration. Thus, where there is no contract, there can be no impairment of its obligation.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 13:
Defendant's final assignment of error is that the trial court erred in finding the defendant guilty as charged.
The standard of review required by due process and set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is that, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
The record reflects that the defendant went to a car dealership and attempted to purchase an automobile with a worthless instrument. Without any contract of sale having been made and without the consent of the owner, the defendant took possession of the automobile and drove it off the lot.
This evidence, considered in a light most favorable to the prosecution, supports a finding of guilty of the unauthorized use of *1001 a movable in excess of one thousand dollars.
This assignment of error is without merit.
For the above reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.
DOMENGEAUX, C.J., concurs and assigns brief reasons.
DOMENGEAUX, Chief Judge, concurring.
I certainly agree with this clear affirmation, but concur only to emphasize my opinion that this appeal is totally frivolous. It exemplifies the limits some will strive for in order to taunt the judicial system.
NOTES
[1] Defendant knowingly and intelligently waived his right to be tried by a jury composed of six jurors.
[2] The instrument by appearance resembled a check, but was only a non-negotiable promise to pay by the maker, Taylor, in "DOLLARS OF THE MONEY OF ACCOUNT OF LOUISIANA AS REQUIRED BY LAW, LSA § 1-53 AND AT 31 U.S.C. § 371, PENDING OFFICIAL DETERMINATION OF THE SUBSTANCE OF SAID MONEY".