ROGERS, J.
Appellant was indicted, tried, and convicted of the crime of carnal knowledge, and was sentenced to serve not less than five years in the state penitentiary, subject to commutation of sentence as provided by law. He prosecutes this appeal relying upon *375 three bills of exception, the first of which relates to the action of the trial court in sustaining an objection, on the ground of irrelevancy, to the admission of certain testimony sought to be elicited from a witness on cross-examination, the second, to the ruling of the court in refusing to sustain an objection to a question propounded to one of defendant’s witnesses to prove the age of the accused, and the third, to the overruling of a motion for a new trial, to which was attached the first and second bills reserved.
The prosecutrix was a motherless girl, 16 years of age, employed by the defendant in his mercantile establishment at the time the offense was committed.
Dr. E. P. Jones, a witness for the state, having testified that the accused had' brought the prosecutrix to him after night, and that he had examined her, and in the course of examination had interrogated' her about her condition, on cross-examination was asked by defendant’s counsel what the trouble was, which question the witness refused to answer, claiming the information he held was privileged. Counsel for defendant then propounded to the witness the following question :
“Was the trouble with which the'prosecAtrix was suffering common to all women, or was it an unusual condition?”
It appears that the question was asked for the purpose of eliciting the statement from the witness that the 'little girl showed some symtoms of a venereal disease. The question was objected to as irrelevant and immaterial, which objection was sustained. The ruling was correct. Defendant was charged with the crime of carnal knowledge. The testimony excluded was sought to be introduced for the purpose, evidently, of reflecting upon the chastity of the prosecutrix. It was clearly irrelevant. If the defendant could have shown that the prosecutrix was unchaste, it could not have availed him as a defense. The chastity or want of chastity of the victim of defendant’s lustful act was immaterial. On this point, however, the record clearly shows that, if the prosecutrix had contracted the disease, it could only have been from the accused himself.
The court refused to sustain an objecr tion of defendant’s counsel to a question propounded to one of defendant’s witnesses concerning the age of the accused, and a bill .was reserved. . Defendant took the stand as a witness in his own behalf, and he testified, without objection, that he; had been a married man; that his wife had been dead for 12 years; and that he had some bhildren by his marriage. He also testified, without objection, that he was 42 or 43 years of age, and, as stated by the trial judge, it was plain to be seen by his appearance that he was at least a man of middle age.
All of the facts were before the jury at the time the ruling of the court was made; nevertheless, if there was error in the ruling, it was cured by the testimony given, without objection, by the accused himself.
The motion for a new tidal was based upon the ground that the trial judge erred in each of his rulings set forth in the other two bills of exception which we _ have already _ considered. The trial judge shows, in his per curiam, that the accused had a fair trial, and that the jury’s verdict, under the law and the evidence, was correct. The new trial was properly refused.
The verdict and sentence herein appealed from are affirmed.