209 So.2d 16

**STATE of Louisiana**

v.

**Phillip B. DEAN.**

No. 48831.

March 25, 1968.

Rehearing Denied April 29, 1968.

George E. Mouledoux, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was convicted for the attempted murder of one Edward J. Martin and sentenced to serve seventeen years at hard labor in the State Penitentiary. He has appealed and presents for our consideration three bills of exceptions perfected in his behalf by counsel representing him during the trial of the case below.[1]

Bills of Exceptions 1 and 3 relate to the same alleged trial error and, therefore, will be treated as one. Bill No. 1 was taken to the overruling of defense counsel's objection to the introduction in evidence of a photograph of an identification lineup of four persons, which included appellant, taken at the parish prison and Bill No. 3 was reserved when the state was granted permission to exhibit this photograph to the jurors over counsel's objection.

Martin, the victim, identified appellant as his assailant during the trial, and was also questioned as to his identification of appellant in the police lineup conducted approximately three weeks prior to the trial, at which the photograph was taken.

1. Appellant's present counsel was appointed to represent him on this appeal and

No objection was made to this testimony by defense counsel. However, when the state sought to introduce the photograph of the lineup in evidence, counsel objected on the ground that it was taken out of the presence and without the knowledge of defense counsel, who had previously been appointed by the court to represent appellant, and, further, because the lineup was not conducted until three weeks before the trial of this case and at a time when appellant was in custodial confinement at the parish prison.

Since we find that appellant was not prejudiced by the admission of the photograph, these bills cannot be sustained. Appellant's counsel concedes that the recent decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, are not controlling here. Trial of the instant matter (January 26, 1966) was prior to June 12, 1967, the date of the Wade and Gilbert rulings. As those pronouncements are prospective in operation (see Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; and State v. Allen, 251 La. 237, 203 So.2d 705), no violation of a constitutional right (Sixth Amendment to the United States Constitution) is presented here but rather, the well-established Ameri-

was not counsel of record in the trial court.

can rule that custodial out-of-court identifications are receivable in evidence as objections thereto are referable to their weight and not their admissibility.

■ Nevertheless, counsel argues that the introduction of this photograph in evidence was prejudicial to appellant's right to a fair trial under both the Louisiana and United States Constitutions in view of the failure of the police department to notify appellant's attorney that a pretrial lineup identification would be conducted within three weeks of the trial, at a time when appellant was incarcerated in the parish prison and without means of making effective objection on his own behalf.

Forasmuch as the rulings in the Wade and Gilbert cases are inapplicable here, the admission of the photograph did not deprive appellant of any constitutional right and, while we think it unethical and, indeed, inexcusable that the prison authorities and prosecuting attorney failed to notify defense counsel that the pretrial lineup identification would be conducted so that counsel could have been present to advise appellant of his legal rights, we are unable to perceive under the facts of the case that appellant was prejudiced as a result of the state's dereliction. In the first place, the photograph offered in evidence merely exhibits three young men and one older

one standing side by side, wearing pin-striped cotton trousers and sport shirts. They are clean, neatly dressed and personable in appearance.

And we are at a loss to discern the photograph's evidentiary value either to the state's case or how its admission could have injured appellant, in view of the fact that Martin was allowed without objection to testify that he identified appellant as his assailant at the pretrial lineup. Actually, the evidence taken at the trial reveals that appellant's identification as Martin's assailant was never a material issue in the case. Martin made an in-court identification of appellant (see State v. Allen, supra) and appellant, testifying in his own behalf, did not deny that he was with Martin on the night of the crime. His testimony was that he beat and stabbed Martin in self-defense.

■ Therefore, even if we should assume that the photograph was improperly admitted, it was a matter of no consequence to the issue presented to the jury, for the rule is well settled that admission of incompetent or irrelevant evidence is not prejudicial and does not justify the granting of a new trial if the facts which such evidence tended to prove are subsequently established by introduction of other evidence properly admitted at the trial. State v.

Higdon, 153 La. 374, 95 So. 868; State v. Dorsey, 207 La. 928, 22 So.2d 273; and State v. Mattio, 212 La. 284, 31 So.2d 801.

■ Bill of Exceptions No. 2 was reserved to the judge's ruling permitting Mrs. Martin (the victim's wife) to testify over counsel's objection that she had remained in the courtroom during the trial in violation of an order sequestering all witnesses in the case.

The objection is without substance. The record shows that Mrs. Martin was not subpoenaed as a witness for the state and was only called to the stand to explain why her sister, a Mrs. Dorothy Wilson, had not appeared as a witness for the state to corroborate certain testimony given by a Jefferson Parish detective. Article 371 of the 1928 Code of Criminal Procedure, which is applicable to the case, vests in the trial judge discretion to permit any witness to testify even though such witness has disregarded an order of sequestration. Far from abusing his discretion in the instant matter, the trial judge properly permitted Mrs. Martin to explain her sister's failure to appear at the trial.

The conviction and sentence are affirmed.