**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth WOOD, Defendant-Appellant.**

**No. 27153.**

United States Court of Appeals Fifth Circuit.

July 22, 1969.

Certiorari Denied Nov. 10, 1969.

See 90 S.Ct. 256.

**438**

Clay C. Long, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Allen L. Chancey, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

COLEMAN, Circuit Judge:

This appellant was ordered by his Local Selective Service Board to report as a conscientious objector for instructions to proceed to the Kansas City General Hospital and Medical Center for employment in lieu of active military duty and to remain in such employment for twenty-four consecutive months or until released or transferred by proper authority. He did not comply and was indicted for violating 50 Appendix U.S.C. § 462. On a trial to the District Court without a jury he was found guilty and sentenced to a term of eighteen months. He had requested and been denied appointed counsel. We affirmed, 373 F.2d 894 (1967). The Supreme Court remanded the case to the District Court to hold a hearing for the purpose of determining Wood's financial status as affecting his right to court appointed counsel, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.

2d 20 (1968); 373 F.2d 894, 387 F.2d 353, 5 Cir., 1968. As result of this hearing, counsel was appointed, with Wood to pay part of the cost.

Upon the second trial, again to the Court without a jury, Wood was again convicted. He was sentenced to the custody of the Attorney General for a period of five years, although the new sentence did make the appellant eligible for parole at any time, 18 U.S.C. § 4208(a)(2). The appellate record is silent as to the reasons which prompted the District Judge to impose a penalty of five years in the second instance as compared to eighteen months on the first.

■ Under the authority of North Carolina v. Pearce, and Simpson v. Rice, decided by the Supreme Court on June 23, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the enhanced sentence must be vacated and the case remanded to the District Court for resentencing.

On the merits, the conviction must be affirmed.

Woods completed his classification questionnaire on August 1, 1959. He was classified 1–A on June 21, 1960. Notice of this classification was mailed to him but he denied receiving it. No appeal was filed. On August 1, 1959, Wood claimed he was a minister of religion regularly serving in that capacity, and that he had so served as a minister of Jehovah Witnesses since November 5, 1955 (when he was fifteen years of age). He did not file a conscientious objector form at any time prior to September 16, 1963. When he filed his questionnaire in 1959 Wood reported thereon that he was then employed forty hours a week in private industry and, except for unemployment in 1962 and 1963 this continued to be true. He was so employed on September 16, 1963.

On May 8, 1963, Wood was given a pre-induction physical examination and found qualified.

On September 9, 1963, Wood was ordered to report for induction on September 25, 1963.

On September 16, 1963, he appeared before the Local Board and stated that he was conscientiously opposed to military service. When asked why he had waited so long to assert it he replied, in effect, that he had been relying on his ministerial status. This was obviously incorrect for he had been given a pre-induction physical four months previously. Acting with the care, if not the outright indulgence, which we have noted in other appeals involving inductions by this particular Board, Wood was given Selective Service System form 150, special form for conscientious objector, which he filled in and returned the same day. His order for induction was cancelled and his file was reopened. He had been told on September 16 that he had not qualified for ministerial status.

On October 21, 1963, Wood was classified 1–0 and so notified. Although this was the very point he had raised, Wood did not like this either, so he appealed this classification. The Appeal Board did not decide the matter until September 11, 1964 [when it was affirmed by a vote of 3 to 0] so Wood obtained a one year stay of the duty he owed his Country and which some other young man paid in his stead.

On January 26, 1965, Wood was ordered to report for civilian work on February 10, 1965, at 9:30 A.M. Wood acknowledged that he received the order but he did not report.

The District Court found that there was a basis in fact for the 1–0 classification and further found that there really no contention of any procedural irregularity affecting the 1–0 classification. It further found that there was, in fact, no procedural irregularity which materially affected the defendant's rights. Therefore, Wood was found guilty of the offense charged in the indictment.

■■ We need not linger long in a discussion of Wood's appeal on the merits. See our opinion in Camp v. United States, 1969, 413 F.2d 419, an appeal which came up from the same jurisdiction. As a matter of fact, after the notice to report for induction Wood was not entitled to have his classification reopened as to ministerial status, see United States v. Banks [1969], 413 F.2d 435.

On the merits, affirmed.

As to sentence, vacated and remanded for resentencing.