**Alvin ALLEN, Plaintiff-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Defendant-Appellee.**

**No. 29110.**

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1970.

Sylvia Roberts, Baton Rouge, La., for plaintiff-appellant.

Fred L. Jackson, Asst. Dist. Atty., Homer, La., for defendant-appellee.

Before BELL, THORNBERRY, and CLARK, Circuit Judges.

BELL, Circuit Judge:

This appeal is from the denial of habeas corpus relief to a Louisiana state prisoner. The petition asserted only one claim, that appellant was not given credit for time served on a previously voided illegal sentence when a second sentence was imposed on the same charge. This, it was urged, violated the Fifth Amendment double jeopardy clause teaching of North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. The district court disagreed and we reverse as to this claim.

In addition, appellant now contends that he is entitled to credit for time spent in jail pending appeal from the subsequent judgment of conviction. No such claim was made in the petition for the writ in the district court. It was apparently asserted orally since the dis-

trict court considered and rejected it in the opinion and order denying relief. As to this question, we vacate and remand for the reasons hereafter stated.

## I.

■ Appellant was sentenced to a term of 20 years on September 13, 1961 for the crime of aggravated rape. His sentence was set aside in 1966 because of the denial of counsel in the 1961 proceeding. He was again charged with the same crime, tried, convicted and sentenced on October 26, 1966 to a term of 15 years. It appears from the record before us that the state trial judge intended to give appellant credit for the five years previously served. According to the dates, however, the latter sentence missed the mark, if such a credit was intended, by one month and thirteen days. Moreover, no credit whatever was given for good behavior time nor was such credit even considered. The Louisiana statutes provide credit for good behavior. See L.R.S., § 15:571.3. The prison records which are before us reflect that "This inmate has an excellent conduct record."

The district court concluded that the five year lesser sentence satisfied the requirement of Pearce v. North Carolina, supra, which is that punishment already exacted for an offense be fully credited in imposing sentence upon a new conviction for the same offense. 395 U.S. at 718, 89 S.Ct. 2072. The court, as a part of its holding, stated in Footnote 13:

"Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." 395 U.S. at 719, 89 S. Ct. at 2077.

It is thus clear that appellant was not accorded full credit for the time previously served and that the district court erred in denying relief to this extent.

## II.

■ It was suggested on argument that there might be some question as to whether North Carolina v. Pearce was to be applied retroactively.[1] After due consideration, we now hold that the retroactive application of *Pearce* would be fully consonant with the reasoning used by the Supreme Court in other cases involving the question whether new constitutional principles were to be given retroactive or prospective application.

We begin with the proposition that the constitutional principle here involved was a new principle when announced in North Carolina v. Pearce. It was an extension of the holding in Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, that the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. The court in *Pearce* then applied the double jeopardy clause to require credit for punishment already exacted when a sentence is imposed upon a new conviction for the same offense. The failure to fully credit a prisoner ran afoul of the double jeopardy guarantee against multiple punishment for the same offense.

Given a new constitutional principle, the question then arises as to whether it should be applied retroactively or prospectively only. In Linkletter v. Walker, 1965, 381 U.S. 618, 85 S.Ct. 1731, 14 L. Ed.2d 601, the court said that " * * * the Constitution neither prohibits nor requires retrospective effect." 381 U.S. at 629, 85 S.Ct. at 1737. Then in Stovall v. Denno, 1967, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199, the Supreme Court summarized the factors to be considered in determining whether a new constitutional principle should be applied retroactively or prospectively only:

"The criteria guiding resolution of the question implicate (a) the purpose

[1]. This suggestion came from counsel for appellant. No brief was filed on behalf of the warden.

to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970.

The purpose of the new principle here involved was to afford the constitutional guarantee against multiple punishment for the same offense to state prisoners as against the States. As the court said in Benton v. Maryland, " * * * The double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage * * *". 395 U.S. at 794, 89 S.Ct. at 2062. The court concluded that once it was determined, as it was determined, that a particular Bill of Rights guarantee is fundamental to the American scheme of justice, the same constitutional standards apply against both the state and federal governments. 395 U.S. at 795, 89 S.Ct. at 2056.

This fundamental right thus extended to state prisoners is possibly no more basic than the Fifth and Sixth Amendment rights involved in other cases involving the States where the principle was given prospective application only. See Tehan v. United States ex rel. Shott, 1966, 382 U.S. 406, 86 S.Ct. 459, 15 L. Ed.2d 453; Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882; Stovall v. Denno, supra, and De Stefano v. Woods, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308. But the decision in those cases turned largely on the additional criteria to be considered, i. e., the reliance by the law enforcement authorities on the old rule, and the impact on the administration of criminal justice if applied retroactively. Here, as will be seen, the reliance and impact criteria are entitled to little weight.

These other criteria, reliance on the old standard, and the effect on the administration of justice of a retroactive application of the new principle may be considered together. It is true, of course, that the State relied on the old standard in sentencing its prisoners but it is difficult to see the importance of such a practice from a state policy or institutional standpoint. Nothing more than a credit for punishment already exacted is involved. The same is true as to the effect on the administration of justice of a retroactive application. There will be little if any impact on the administration of criminal justice in giving such credit. It is unlikely that new trials will be necessary. At the most nothing more than resentencing will be required, and in some cases only a recomputation by prison officials.

Taking the criteria and the arguments which may be marshalled with respect to each on balance, we conclude that the North Carolina v. Pearce principle relating to credit on a newly imposed sentence for time already served should be applied retroactively.[2]

### III.

With respect to the second question, whether appellant's constitutional right to due process was violated in failing to credit him with slightly more than 12 months spent in jail while appealing his case, we are faced with his failure to exhaust available state remedies. This question has not been presented to the state courts by way of a petition for writ of habeas corpus nor through a motion to the sentencing court for credit.

---

2. We do not have before us any question as to the retroactive or prospective application of the second constitutional principle announced in North Carolina v. Pearce, i. e., those constitutional considerations having to do with imposing a more severe sentence upon reconviction. See, however, United States v. Wood, 5 Cir., 1969, 413 F.2d 437.

Appellant was sentenced on October 26, 1966 and the conviction was affirmed on November 6, 1967. State v. Allen, 1967, 251 La. 237, 203 So.2d 705. Under the Louisiana statutes an appeal suspends the execution of a sentence. However, the State has provided for the case of one who is not admitted to bail pending appeal. This is made clear in Article 913, subd. B of the La.Code Crim.Procedure, although it is to be noted that credit is not mandatory:

"B. An appeal by the defendant suspends the execution of sentence. If the defendant is not or cannot be admitted to bail, the trial court may, in conformity with Article 881, amend the sentence to grant credit for all or a part of the time served pending the appeal."

The failure to grant credit for time spent in jail pending appeal would present a constitutional question of serious proportions. See the discussion in North Carolina v. Pearce on the question of inhibiting the right to appeal once the right to appeal is established. 395 U.S. at 724–725, 89 S.Ct. 2072. The district court was of the view that Dimmick v. Tompkins, 1904, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110, controlled the question. That case leaves some doubt from the standpoint of the facts here for it speaks in terms of a voluntary failure to commence service of the sentence in the state prison for reasons of value which accrued to the prisoner by reason of staying in the local jail.

In any event, appellant has not sought credit for this particular jail time service from the state courts and we therefore vacate and remand this portion of the judgment with direction that the district court dismiss the petition as it may be premised on this ground without prejudice to the right of appellant to seek relief in the state courts.

Reversed in part; vacated and remanded in part.