446 F.2d 557
 Leona HENDERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 30786 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.,2d 409, Part I.
 
 United States Court of Appeals, Fifth Circuit.
 July 13, 1971.
 Sam R. Wilson, Houston, Tex., for petitioner-appellant.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 On March 13, 1958, Leona Henderson, petitioner-appellant, was indicted in a four count indictment that charged two separate heroin transactions. After adjudging her guilty as charged the trial court sentenced appellant to confinement for ten years. We reversed the conviction and remanded the case for a new trial. Appellant's second trial ended in a mistrial, but at the close of her third trial she was found guilty as charged and was sentenced to imprisonment for twelve years. In a 28 U.S.C.A. 2255 motion to vacate sentence, appellant asserted that when the second sentence was imposed she was not given credit for the time she had served on the first sentence. This, she urged, violates the Fifth Amendment double jeopardy clause teaching of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In addition, appellant argued that her second sentence, which, in terms of length, is more severe than the first, must be vacated because the enhanced sentence, contrary to the second constitutional principle articulated in North Carolina v. Pearce, supra, was not based upon objective information concerning identifiable conduct of the appellant occurring after the time of the original sentencing proceeding. The district court declined to grant the requested relief. We remand for resentencing.
 
 
 2
 In Allen v. Henderson, 5th Cir. 1970, 434 F.2d 26, this Court determined that the first constitutional principle announced in North Carolina v. Pearce, i.e., that punishment already exacted for an offense is to be fully credited in imposing sentence upon a new conviction for the same offense, should be given retroactive effect. Appellant is entitled to the benefit of our determination in Allen v. Henderson and must be accorded full credit for the time previously served under her first conviction.
 
 
 3
 Appellant is also entitled to the benefit of the second constitutional principle articulated in North Carolina v. Pearce, supra. This principle, which was accorded retroactive effect by this Court in United States v. Wood, 5th Cir. 1969, 413 F.2d 437,[1] requires that '* * * whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.' North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656. Since the appellate record is silent as to the objective information and factual data upon which the trial court predicated the enhanced sentence, the sentence must be vacated and the case remanded to the district court for resentencing.
 
 
 
 [1]
 On December 12, 1968, Kenneth Wood, after his second trial, was sentenced to five years imprisonment. His first conviction, which was reversed by this Court, had resulted in a sentence of eighteen months. The record was silent as to the reasons that prompted the trial judge to enhance the sentence. On July 22, 1969, this Court, under the authority of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which was handed down on June 23, 1969, vacated Wood's sentence and remanded the case to the district court for resentencing
 In Allen v. Henderson, 5th Cir. 1970, 434 F.2d 26, wherein we accorded retroactive effect to the first constitutional principle articulated in North Carolina v. Pearce, we noted that the Supreme Court in Stoval v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), stated that the factors to be considered in determining whether a new constitutional principle should be applied retroactively or prospectively only are '* * * (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.' After considering the criteria and the arguments that mey be marshalled with respect to each we have determined to reaffirm our position, first taken in Unites States v. Wood, 5th Cir. 1969, 413 F.2d 437, that the second constitutional principle announced in North Carolina v. Pearce is to be accorded retroactive effect.