255 So.2d 734

**STATE of Louisiana**

**v.**

**John Davis SMITH.**

No. 51137.

Dec. 13, 1971.

Barry F. Viosca, Anthony R. Messina, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

The defendant, John Davis Smith, has appealed his conviction of armed robbery and sentence of imprisonment for twenty-five years in Louisiana State Penitentiary.

On the night of September 18, 1969, a man entered Steve's Bar and Restaurant in New Orleans, ordered a beer, and handed the bartender, Joseph Adams, a dollar bill. When Adams turned to give him change, the customer threatened him with a pistol and demanded that he fill a paper bag with money. At first, the bartender declined. Whereupon, the customer pointed the gun toward the floor and fired it. The bartender then took the money from his two

cash registers and put it in the bag. The man then backed out of the bar and fled.

Although the bartender did not know the robber's name, he recognized him as a person he had served on several occasions. Similarly, Placide Augustine, another employee of Steve's Bar who witnessed the robbery, had seen the man in the bar frequently during the preceding three months. Adams and Augustine gave the police an accurate description of the robber and his clothing.

A week later, on September 25, 1969, the defendant was arrested by a New Orleans policeman. After his arrest, he signed a written waiver of counsel for an identification lineup, but refused to sign the Rights of the Arrestee form used in the New Orleans Police Department.

At the police lineup, both Adams and Augustine identified the defendant as the robber.

Before the trial, defendant filed a motion to suppress the lineup identification because of the absence of counsel at the lineup. He asserted that he had made no intelligent waiver of counsel. After an evidentiary hearing, the trial judge overruled the motion and later admitted the evidence of the lineup at the trial. Bills of Exceptions Nos. 1 and 5 were reserved.

The substantial question raised by the appeal is whether the lineup identification of defendant was properly admitted at the trial.

■ It is well settled that an accused can waive the presence of counsel at a pre-trial lineup, provided the waiver is voluntary and intelligent. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); State v. Jackson, 259 La. 957, 254 So.2d 259 (1971); State v. Polk, 258 La. 738, 247 So.2d 853 (1971).

■ The waiver signed by the defendant reads in part as follows:

"I, John Davis Smith, Jr., have been informed by Det. Peter Dale that I am a suspect for the crime of armed robbery. I have further been informed that I will shortly be placed in a lineup and that witnesses will look at me, and further that the results of this lineup may be used in court against me. I have further been informed and fully understand that I have the right to have a lawyer present during this lineup and if I cannot afford one, one will be furnished free of charge. Knowing and fully understanding these rights, I have elected to waive them and will appear at the lineup without my lawyer or an appointed lawyer being present."

On the motion to suppress, the police officers testified that the defendant's rights were explained to him and that he volun-

tarily waived counsel at the lineup. The defendant, on the other hand, testified that the officers told him that it was all right for him to sign the waiver, because his attorney was on his way over.

The trial judge thoroughly explored the factual issue and concluded that the waiver was voluntarily and intelligently made. On the basis of the evidence in the record, we find no fault with this conclusion.

The record reflects that the lineup identification was fairly conducted. Assuming, however, that it was tainted, its admission was harmless error. Adams and Augustine, who identified the defendant in the lineup, had seen him on other occasions and recognized him on the night of the robbery as a customer. The in-court identification was founded upon this acquaintanceship and observation. Thus, an erroneous admission of the lineup does not vitiate the conviction. See State v. Mixon, 258 La. 835, 248 So.2d 307; State v. Pratt, 255 La. 919, 233 So.2d 883; State v. Singleton, 253 La. 18, 215 So.2d 838; State v. Allen, 251 La. 237, 203 So.2d 705.

The remaining Bills of Exceptions (Nos. 2–4, 6–12) were submitted without argument. We have examined them and find them to be without merit. None of them raise a substantial question.

For the reasons assigned, the conviction and sentence are affirmed.