367 So.2d 808 (1979)
STATE of Louisiana
v.
Walter CHAPMAN.
No. 62694.
Supreme Court of Louisiana.
January 29, 1979.
Rehearing Denied March 5, 1979.
*809 James David McNeill, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Lance M. Africk, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
SUMMERS, Chief Justice.[*]
Defendant Walter Chapman was duly charged by bill of information with two counts of armed robbery. The first count charged that on June 29, 1977, while armed with a pistol, he robbed Paul Doucet of $1,716. The second count charged that on June 25, 1977, while armed with a pistol, he robbed Melvin Emilien of $164.95.
After trial by jury on September 8, 1977 defendant was found guilty on both counts. He was thereafter charged as a multiple offender on the basis of a conviction of receiving stolen things on April 26, 1977, and the September 8, 1977 conviction on two counts of armed robbery. However, he was found guilty of being a second offender on the basis of his April 26, 1977 conviction of receiving stolen things and his September 8, 1977 conviction of the armed robbery of Paul Doucet. On this finding he was sentenced to serve 99 years as a multiple offender. On the second conviction, the robbery of Melvin Emelien, he was sentenced to serve an additional 99 years at hard labor.
On this appeal six assignments of error are urged.
Assignment 1: Melvin Emelien was employed at a Tenneco service station in New Orleans. On the night of June 25, 1977,shortly before closing time, defendant entered the store with a pistol and robbed him. Defendant wore no mask or disguise and was plainly visible in a well-lighted room. The robbery lasted about twenty-five minutes. Emelien had seen defendant at the service station four times before.
Thereafter on July 22, 1977 Officer Curole of the New Orleans police came to Emelien's residence and exhibited a photographic lineup from which Emelien identified a photograph of defendant as the person who robbed him. The officer did not suggest to Emelien whose photograph he should identify. During the trial on September 8, 1977 Emelien positively identified the defendant as the person who robbed him.
It is the defense contention that the photographic identification was made after indictment and for that reason defendant's counsel should have been present. Although defendant had been arrested prior to this identification for the robbery of Paul Doucet, he had neither been arrested nor indicted for the robbery of Emelien. There was therefore no right to counsel at this pre-indictment photographic lineup involving the robbery of Emelien. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Johnson, 306 So.2d 724 (La.1975). In addition, the Sixth Amendment does not require an attorney to be present at a proceeding when witnesses are shown a photographic spread, including a photograph of the defendant. Anderson v. Maggio, 555 F.2d 447 (5th Cir. 1977). And there is no right to have counsel present during photographic identification procedures. United States v. Ash, 413 U.S. 300, *810 93 S.Ct. 2568, 37 L.Ed.2d. 619 (1973); State v. Williams, 343 So.2d 1026 (La.1977). Finally, there was an adequate independent basis for the in-court identification. State v. Allen, 251 La. 237, 203 So.2d 705 (1967).
This assignment is without merit.
Assignment 2: It is contended by the defense that the trial judge erred in allowing the hearsay testimony of Officer Augustine, a witness for the State, when Augustine testified that Paul Doucet told him at the police station, "That guy robbed me.", referring to defendant. No objection was made by the defense at the time.
This Court has repeatedly recognized the efficacy of Article 841 of the Code of Criminal Procedure and the importance of adhering to its caveat that "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." This assignment is therefore without merit.
Assignment 3: An envelope, identified as S-4, containing $56 was admitted as evidence as part of the property taken from the victim Doucet. Doucet had testified that he had been robbed of "almost sixty dollars." The defense objected to the introduction of the money and assigns as error the overruling of his objection. It is the defense contention that the money was not, and could not be, identified and should not have been admitted in evidence as the money taken from the victim.
In State v. Holmes, 354 So.2d 1282 (La.1977), a defendant was accused of an armed robbery in which only twenty-dollar bills were taken. The prosecution sought to introduce money, not twenty-dollar bills, found on the person of the defendant when arrested. This Court held that although the time lapse and the different denominations of the money found on the defendant made it unlikely that it was the exact same money that had been taken in the robbery, the money was, nevertheless, still admissible. As observed in Holmes "[a]s tenuous as the relevancy may be it is not illogical." The difference in denomination and time lapse was held to go to the weight of the evidence, not to its admissibility.
In the present, case defendant was apprehended shortly after he robbed Doucet, and there is substance to the State's claim of relevancy because the $56 was "almost" $60.
This assignment is without merit.
Assignment 4: The defense contends that the trial judge was in error in his selection of the first count of the two-count bill of information as the second offense in the multiple offender conviction.
The Habitual Offender Law, La.Rev.Stat. 15:529.1, provides no guidelines for a judge in a situation such as this. At sentencing the State requested that both counts of the two-count indictment be considered and that defendant be adjudged a triple offender. The trial judge declined to do so. Instead, he used only the first count. Defendant was therefore convicted as a second offender and sentenced as such.
In State v. Schamburge, 344 So.2d 997 (La.1977), and in State ex rel. James Henry Jackson v. Henderson, 283 So.2d 210 (La.1973), this Court held that convictions on more than one count entered on the same day should be treated as one conviction for applying the multiple offender statute. Therefore, the trial court properly considered the September 8, 1977 two-count conviction as one count.
Assignments 5 and 6: Although conceding that Article 493 of the Code of Criminal Procedure permits the joinder of two or more offenses of "similar character," and that Article 495 requires that any objection to such joinder must be raised by a motion to quash in advance of trial, defense counsel submits that the court should review this record and find that the offenses in the instant case are not legitimate "other crimes" under the Prieur doctrine and should have been severed on motion of the State prior to trial.
The rule that misjoinder of offenses must be raised by motion to quash prior to trial is statutory. La. Code Crim.Pro. art. 495. No claim of unconstitutionality or exception to the rule is urged. We therefore adhere to *811 the rule's mandate as we have before. State v. Mallett, 357 So.2d 1105 (La.1978); State v. McZeal, 352 So.2d 592 (La.1977).
For the reasons assigned, the convictions and sentences are affirmed.
DENNIS, J., concurs.
NOTES
[*] Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.